UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X

**Tzippora Miller**,                Index No.:
       Petitioner,

               -against-

**John Purcell,**

       Respondent.
-----------------------------------------------X

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, **Tzipora Miller**, alleges as follows:

**1. Jurisdiction**

This action arises under the **Toxic Substances Control Act, 15 U.S.C. § 2601 et seq.** ("TSCA"). This Court has jurisdiction pursuant to **28 U.S.C. § 1331** (federal question) and **15 U.S.C. § 2619(a)** (TSCA citizen enforcement).

Plaintiff seeks injunctive relief to remedy the presence of hazardous chemical conditions in her residence.

**2. Venue**

Venue is proper in the Southern District of New York under **28 U.S.C. § 1391(b)** because the events giving rise to this action occurred within this District and the Defendant resides within this District.

**3. Parties**

- **Plaintiff:** Tzippora Miller, a resident of Rockland County, residing at 174 N. Middletown Rd., Apt. A3, Pearl River, NY 10965.
- **Defendant:** John Purcell, landlord of Plaintiff's apartment, with mailing address P.O. Box 1712, New City, NY 10956.

**4. Factual Background**

1. Plaintiff resides in an apartment owned by Defendant with physical control of the building.
2. For an extended period, Plaintiff has experienced persistent and unexplained chemical-type odors within the apartment that have caused physical symptoms and medical findings consistent with chemical exposure.
3. Despite repeated efforts to obtain clarity regarding the environmental conditions inside the apartment, no neutral, independent hazardous-materials testing has ever been conducted.
4. Without court involvement, Plaintiff has no way to secure objective testing by a licensed environmental professional with oversight to determine whether hazardous substances are present.

**5. Legal Basis**

Under **TSCA § 20, 15 U.S.C. § 2619**, citizens may seek injunctive relief when potential toxic substances create an actual or threatened unreasonable risk to health and when no adequate mechanism exists to determine the nature or extent of the hazard.

No neutral, independent hazardous-materials testing has ever been conducted under normal indoor conditions to confirm or rule out the presence of harmful substances.

Formal, court-ordered access for objective testing by a licensed environmental professional is necessary to assess the true conditions of the apartment and to properly evaluate any potential risks to Plaintiff's health.

### 6. Cause of Action: TSCA – Injunctive Relief

Plaintiff asserts a single cause of action under 15 U.S.C. § 2619. Potential exposure to toxic substances inside the apartment presents an actual or threatened unreasonable risk to health, and neutral hazardous-materials testing has never been conducted to identify or rule out such risks.

Plaintiff therefore seeks court-ordered access for objective testing by a licensed, independent environmental professional, performed under normal indoor conditions and carried out under the Court's authority, so that the presence or absence of hazardous substances can be properly determined.

### 7. Requested Relief

Plaintiff respectfully requests that the Court issue an Order:

1. Directing that neutral, independent hazardous-materials testing be conducted inside Plaintiff's apartment by a licensed environmental professional under normal indoor conditions;
2. Authorizing such testing to proceed under the Court's authority, including any access or coordination necessary for the environmental professional to perform the evaluation;

3. Prohibiting any interference with or obstruction of the testing process;

4. Requiring that the results of the testing be provided to both the Court and the parties; and

5. Granting such other and further relief as the Court deems just and proper.

**VERIFICATION**

I, Tzippora Miller, declare under penalty of perjury under the laws of the United States that the facts stated in this Complaint are true and correct to the best of my knowledge.

Dated: November 20, 2025

__/s/ *Tzippora Miller*____
**Tzippora Miller -** Pro Se Petitioner
174 N. Middletown Rd., Apt. A3
Pearl River, NY 10965
845-746-7385
tzipporamiller@gmail.com

4