UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TZIPPORA MILLER,

                         Plaintiff,

              -against-

JOHN PURCELL,

                       Defendant.

25-CV-9698 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2601, and seeks to assert a TSCA citizen suit under 15 U.S.C. § 2619(a). Plaintiff sues her Rockland County landlord, John Purcell, claiming that she "has experienced persistent and unexplained chemical-type odors within [her] apartment that have caused symptoms and medical findings consistent with chemical exposure." (ECF 1 at 2.) She seeks a temporary restraining order, directing Defendant to conduct "neutral hazardous-materials testing to proceed immediately." (ECF 5, at 1.) Plaintiff filed an amended motion on December 2, 2025. (ECF 16.) For the following reasons, the Court denies Plaintiff's motion seeking a temporary restraining order, without prejudice to renewal at a later stage.

### DISCUSSION

To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosp., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an

extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's motion and her amended motion do not demonstrate a likelihood of success on the merits because she does not provide enough information for the Court to conclude that she has standing to bring this action. *See, e.g.*, *Mair v. City of Albany, N.Y.*, 303 F. Supp. 2d 237, 241 (N.D.N.Y. 2004) (describing concrete injuries suffered by plaintiff and finding, in TSCA citizen suit, that plaintiff "satisfied the standing requirements"). Plaintiff's submissions also do not suggest that her action involves sufficiently serious questions going to the merits of her claims to make them a fair ground for litigation or that the balance of hardships tips decidedly in her favor. Plaintiff's motions show only that she speculates that her possible exposure to toxic substances in her apartment may have caused her to experience unidentified symptoms. These allegations are insufficient to demonstrate that this action concerns sufficiently serious questions regarding the merits of her claim.

Accordingly, the Court denies Plaintiff's motions. The Court will issue an explanatory order at a later date.

## CONCLUSION

Plaintiff's emergency motions are denied (ECF 5, 16). The Clerk of Court is directed to terminate these motions. The Court will issue an explanatory order at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    December 4, 2025
              New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge